BOYER, Chief Judge.
Appellants, defendants in the trial court, appeal a partial summary judgment on the issue of liability in favor of plaintiffs, ap-pellees here.
In January of 1973, Turkey Roost Plantation, of which appellees constitute the Board of Trustees, sold to defendants a parcel of property described as:
That part of the Northeast Quarter of Section 11 and that part of the Northwest Quarter of Section 12, Township 1 North, Range 2 East, lying North of • State Road 10 (U.S. 90), Leon County, Florida.
The contract which predated the sale described the property as consisting of approximately 79 acres, more or less. In that contract were various terms and conditions of sale, one of which provided:
“The acreage rate offered is $1,250.00 per acre. The survey will be supplied to purchasers by the sellers ascertaining exact acreage and dimensions of this tract of land. The purchase price will be adjusted at the rate of $1,250.00 per acre to the exact acreage figure reflected by the survey. The down payment will remain the same in any event and the annual payments will be adjusted accordingly in the mortgage instrument and note.”
Pursuant' to the above quoted paragraph, a survey was procured which showed the exact amount of acreage to be 88.47 acres, or 9.47 acres more than anticipated. The purchase price was increased by employing the rate recited in the contract and the sale was closed on that basis. Appellants thereupon took possession of the property and made certain improvements. Some eight months later it was discovered that the survey had incorrectly determined the right-of-way of U. S. 90 to extend 100 feet on either side of the center line when, in fact, the right-of-way extended only 33 feet on either side of the center line. The surveyor thereupon prepared a corrected survey which showed the subject tract to contain 94.69 acres, an increase of 6.22 acres over the original survey. Both parties accept the accuracy of the corrected survey. When the purchasers refused the demand of the sellers for payment for the additional 6.22 acres at the agreed rate of $1,250 per acre (or an increase in the purchase money mortgage by a like amount), the sellers commenced suit.
Count 1 of the complaint sought compensation for unjust enrichment and Count 2 sought reformation of the purchase money mortgage or, in the alternative, a reconveyance of the 6.22 acres. The learned trial judge entered a summary judgment on the issue of liability, but did so on the theory of unjust enrichment, holding that there was an issue to be resolved by the trier of fact as to “the average market value at the time of closing of 6.22 acres of the tract conveyed by” the sellers to the purchasers.
The evidence in this case demonstrates a classic example of mutual mistake, thus reformation. There is no question but that the purchasers contracted to purchase such property as the seller should convey, determined by an accurate survey, at the rate of $1,250 per acre. Neither party was aware of the error in the initial survey which was relied upon at the time of closing. The learned trial judge was therefore eminently correct when he held that the purchasers were responsible for payment for the additional 6.22 acres revealed by the corrected survey to have been conveyed to them. However, he erred in basing his order on the theory of unjust enrichment, thereby holding that the amount of compensation was to be fixed by a trier of fact based upon “the average market value at the time of closing”. The price per acre was clearly fixed by the contract at $1,250 per acre. There is no issue in that regard. In accordance with Count 2 of the complaint, the purchase money mortgage should be reformed to se *48 cure the payment by the purchasers (mortgagors) to the sellers (mortgagees) of an additional $7,775.00 (6.22 acres times $1,-250 per acre) or in the alternative the purchasers, appellants, should be required to reconvey to appellees the 67 foot strip which was erroneously reflected by the original survey to have been included in the right-of-way of U.S. 90.
We have considered the other points raised by appellants and find them to be without merit.
Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
IT IS SO ORDERED.
McCORD and MILLS, JJ., concur.